UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

(CHIEF) COL. MICHAEL S. OWL-FEATHER GORBEY,

    Petitioner,

v.                    CIVIL ACTION NOS. 5:22-cv-00007
                                      5:22-cv-00131

WARDEN, USP THOMSON,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner Michael S. Owl-Feather Gorbey's Amended Petition for a Writ of Habeas Corpus [Doc. 15], filed August 26, 2022, and Respondent Warden's Motion to Dismiss or, in the alternative, for Summary Judgment [Doc. 18], filed October 20, 2022. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R").[1] Magistrate Judge Tinsley filed his PF&R on August 21, 2023. Magistrate Judge Tinsley recommended that the Court grant Respondent's Motion, deny Petitioner's Amended Petition, and dismiss this action. Mr. Feather-Gorbey timely filed numerous objections [Doc. 36].

---

[1] On August 26, 2022, Magistrate Judge Tinsley ordered these cases consolidated, with Case No. 5:22-cv-00007 designated as the lead case. [Doc. 14]. On September 15, 2022, Petitioner timely objected to the order. [Doc. 17]. Inasmuch as Magistrate Judge Tinsley's order was non-dispositive and Petitioner's objections are otherwise without merit, the Court **FINDS** Magistrate Judge Tinsley's order was not clearly erroneous or contrary to law. Accordingly, Petitioner's objections are **OVERRULED** [**Doc. 17**].

I.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

II.

The Court first considers Mr. Feather-Gorbey's objections to the magistrate judge's role in this case. Mr. Feather-Gorbey contends that 28 U.S.C. § 636(b)(1)(B) does not permit nonconsensual referrals to a magistrate judge. [Doc. 36 at 2]. In *McCarthy v. Bronson*, 500 U.S. 136 (1991), the Supreme Court of the United States held that § 636(b)(1)(B) permits nonconsensual referrals to magistrate judges for such purposes "of applications for post-trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement," even in cases alleging a specific episode of unconstitutional conduct by prison administrators or challenging "the very fact or duration of the confinement itself." 500 U.S. at 138, 141–42, 144. Accordingly, the Court finds that Magistrate Judge Tinsley was authorized to conduct hearings and submit proposed findings of fact and a recommended

disposition to the Court pursuant to § 636(b)(1)(B) and **OVERRULES** Mr. Feather-Gorbey's objection.

Mr. Feather-Gorbey also objects to Magistrate Judge Tinsley "presiding over any . . . cases of [his]" out of concern for judicial bias. [Doc. 36 at 1]. Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Our Court of Appeals has observed that the test is an objective one, requiring a judge to "disqualify himself whenever his 'impartiality might reasonably be questioned.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). The proper inquiry is "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." *Newport News Holdings Corp., v. Virtual City Vision, Inc.*, 650 F.3d 423, 433 (4th Cir. 2011) (citing *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir. 1998)). Absent extraordinary circumstances, "a nonjudicial source must be present to raise the appearance of impropriety." *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993). Simply put, "[t]he nature of the judge's bias must be personal and not judicial." *Beard*, 811 F.2d at 827.

Moreover, a reasonable observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." *DeTemple*, 162 F.3d at 287. "A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational, or highly tenuous speculation" or because a judge "possesses some tangential relationship to the proceedings." *Cherry*, 330 F.3d at 665 (internal quotations omitted). Section 455(b) provides a list of situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). Like Section 455(a), "§ 455(b)(1) carr[ies] an 'extrajudicial source limitation' . . . under which bias or prejudice must, as a general matter, stem

from 'a source outside the judicial proceeding at hand' in order to disqualify a judge." *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011) (quoting *Liteky v. United States*, 510 U.S. 545, 545–51 (1994)). In applying the extrajudicial source limitation, the Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Without more, such rulings alone "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

Mr. Feather-Gorbey fails to point to any extrajudicial source of bias or prejudice warranting recusal of Magistrate Judge Tinsley under Sections 455(a) or (b)(1). Although Mr. Feather-Gorbey accuses Magistrate Judge Tinsley of being "prejudicial" towards Mr. Feather-Gorbey, he provides no evidence to support this bare assertion. Accordingly, the Court **OVERRULES** Mr. Feather-Gorbey's objection.

The Court next considers Mr. Feather-Gorbey's objection to Magistrate Judge Tinsley's finding that the Disciplinary Hearing Officer ("DHO") was not impartial during the disciplinary proceedings Mr. Feather-Gorbey faced while he was incarcerated at the Federal Correctional Institution ("FCI") Beckley, in Beaver, West Virginia, between January 13, 2021, and April 15, 2022. [Doc. 15]. Specifically, Mr. Feather-Gorbey contends the DHO was not impartial because she ordered a re-investigation of the incident by a non-involved staff member due to a conflict by the initial investigator. [Doc. 36 at 3]. Mr. Feather-Gorbey contends that this action by the DHO shows bias inasmuch as Federal Bureau of Prisons ("FBOP") policy does not permit reinvestigations. *Id.* However, 28 C.F.R. § 541.8(3) expressly authorizes the DHO to refer an incident report "back [to the investigating officer] for further investigation, review, and disposition." Mr. Feather-Gorbey has not pointed to any authority prohibiting reinvestigation or

requiring the removal or change of the DHO where a reinvestigation occurs. Further, a DHO is considered impartial so long as she is not "a victim, witness, investigator, or otherwise involved in the incident." § 541.8(b). The DHO's role in this matter does not fall into those categories as she was not involved in the investigation of Mr. Feather-Gorbey's alleged infractions, but merely directed a reinvestigation "in order to preserve impartiality." [Doc. 18 at 27–28; Doc. 26 at 2–3].

Mr. Feather-Gorbey also alleges that the DHO was impartial because she had ex parte communications with the reporting officer prior to Mr. Feather-Gorbey's disciplinary hearings. [Doc. 36 at 4–5]. However, Mr. Feather-Gorbey has failed to specify any particular ex parte communications to which he is referring, nor has he elaborated on the possible substance of any such communications. Because communication between the DHO and the reporting officer does not equate an actual bias per se, Mr. Feather-Gorbey has not sufficiently demonstrated that the DHO in was not impartial. Accordingly, the Court **OVERRULES** Mr. Feather-Gorbey's objections.

Finally, Mr. Feather-Gorbey objects to Magistrate Judge Tinsley's determination that the DHO was within her authority to impose a loss of good conduct time ("GCT") for a 300-level offense, even where it is not a repeated offense. Mr. Feather-Gorbey asserts that 28 C.F.R. § 541.7(f) prohibits the Unit Discipline Committee ("UDC") from imposing the loss of GCT as a sanction for a 300-level offense, and because this was his first level 300 offense, the DHO should have remanded the charges to the UDC for sanctioning. However, Section 541.8(g) provides that if an inmate commits a prohibited act, "the DHO can impose any of the available sanctions listed in Tables 1 and 2." Table 1 then provides the available sanctions for a moderate severity level prohibited act such as 331 (Possession of a Non-Hazardous Tool), *see* § 541.3 tbl. 1, of which Mr. Feather-Gorbey was found guilty, [Doc. 18, Ex. 2, Attach. C, DHO Report (IR

3493959)]. One of the available sanctions for a DHO to issue for a moderate severity level act such as possessing a non-hazardous tool is the disallowance of GCT in the amount of 1–14 days. *See* § 541.3 tbl. 1. So, while it is true that the UDC may not impose the loss of GCT as a sanction for a 300-level offense, at the conclusion of Mr. Feather-Gorbey's UDC hearing, the UDC referred the charges to the DHO. *See* § 541.7(a)(3) ("The incident report [may] be referred to the Discipline Hearing Officer (DHO) for further review, based on the seriousness of the prohibited act(s) charged."). And Mr. Feather-Gorbey has not pointed to any supporting policy or regulation requiring a DHO to remand a first time 300-level offense to the UDC, or otherwise restricting a DHO from sanctioning a violator with loss of GCT. Therefore, the Court **OVERRULES** Mr. Feather-Gorbey's objection.

### III.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 32**], **GRANTS** Respondent's Motion to Dismiss or, in the alternative, Motion for Summary Judgment [**Doc. 18**], **DENIES** the Petitioner's Amended Petition for a Writ of Habeas Corpus [**Doc. 15**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: September 29, 2023

Frank W. Volk
United States District Judge